# Harmon v. Strickenberg, Appellant.

*Replevin—Horse—Agister's lien—Evidence.*

In an action of replevin by an administrator to recover a horse, the defendant cannot set up an agister's lien, where the evidence shows that while the defendant was not in actual possession of the horse when suit was brought he had been in possession of it at the time of the decedent's death, and had handed it over to another person, under an arrangement by which both he and such other person should have the use of it, and that they both used the horse frequently and in whatever ways they chose.

Argued May 1, 1916.   Appeal, No. 19, May T., 1916, by defendant, from judgment of C. P. Clarion Co., Aug. T., 1914, No. 126, on verdict for plaintiff in case of Daniel Harmon, Administrator, v. R. A. Strickenberg.  Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Replevin for a horse.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $72.   Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*George F. Whitmer,*. for appellant.—An agister is not bound to restore a horse which he has taken to pasture until his compensation is paid or tendered: Megee v. Beirne, 39 Pa. 50; Mathias v. Sellers, 86 Pa. 486.

*A. A. Geary,* with him *W. W. Hindman,* for appellee.

OPINION BY TREXLER, J., October 9, 1916:

The plaintiff brought this suit of replevin as administrator to recover a horse which formed part of the estate of his decedent and which the defendant had in his control.   When plaintiff demanded the horse of defendant he replied that he would not give it to him.   He assigned no reason for the refusal.   The defendant at that time had not the animal in his possession but the evidence showed that he had control of it.   He claimed that he was entitled to charges for the keep of the horse but this claim was not sustained by competent proof.   The defendant used the horse when and as often as he wished and he was not entitled to full compensation for the keep of the horse without deducting the value of the use he made of it.   It appears that he turned the horse over to a man named Beary who kept it and also used it.   Although the point was not raised at the trial, it is now claimed that Beary had an agister's lien.   This matter seems to have been an afterthought.   Reference to Beary's testimony shows that he had borrowed the horse upon an agreement to take care of him until other arrangements could be made.   He used the horse for various purposes and quite frequently.   There was no evidence of a definite contract to pay for his keep and the

frequeht use he and his family had of the horse deprived the evidence given as to the price of boarding a horse without the privilege of using it of all value it might have had.

We find that the court committed no error on the trial of the case.

Assignments of error are overruled and the judgment is affirmed.